No. 90-323

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

GRAVELEY RANCH,

    Plaintiff and Appellant,

    v.

THOMAS SCHERPING and ANITA
SCHERPING,

    Defendants and Respondent.


APPEAL FROM:    District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Jeffrey M. Sherlock, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

           Charles A. Graveley, Helena, Montana

       For Respondent:

           G. Curtis Drake, Helena, Montana

FILED

FEB 19 1991

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on briefs: January 3, 1991

Decided: February 19, 1991

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Graveley Ranch appeals from an order of the First Judicial District, Lewis and Clark County, granting summary judgment in favor of Thomas and Anita Scherping.

We affirm.

The sole issue raised on appeal is whether the District Court properly granted summary judgment to the defendants.

Graveley Ranch held a permit to graze on the land adjacent to and surrounding what was the Scherpings' property. On September 30, 1984, the residence on Scherpings' property burned to the ground, leaving residue which included lead storage batteries. Several Graveley Ranch cattle subsequently became ill and died. On September 25, 1985, Graveley Ranch's attorney wrote a letter to the Scherpings stating that six cattle had already died from the lead in the battery residue. At least by October 1, 1985, a fence was constructed around the site with materials provided by Graveley Ranch. On November 4, 1985, Graveley Ranch received a letter from the Solid and Hazardous Waste Bureau of the State Department of Health and Environmental Sciences, confirming the source of the poisoning. On October 29, 1987, Graveley Ranch filed a complaint against Thomas and Anita Scherping.

This is the second time this matter has come before us on appeal. After pleadings were complete below, the District Court granted summary judgment to the defendants. The court found that since the injury was known on September 25, 1985, and the complaint

2

was not filed until October 29, 1987, the two year statute of limitations had run. This Court on appeal stated that indeed the statute had begun to run upon discovery on September 25, 1985, but that the continuing nature of the injury tolled the statute until the source of the injury abated. Graveley Ranch v. Scherping (Graveley Ranch I), 240 Mont. 20, 25, 782 P.2d 371, 375 (1989). We remanded the case to the District Court for further proceedings.

Once there, the defendants again moved for summary judgment claiming that the fence around the site had abated the nuisance. The District Court agreed, and again granted summary judgment.

Did the District Court properly grant summary judgment to the defendants?

The first time this issue was brought before us, we stated:

> . . . However, the presence of the lead batteries does constitute a nuisance which could have been abated at any time by the defendants. Thus, the nuisance is continuing until it is abated; the statute does not begin to run until the batteries are removed and the toxic residue cleaned from the site of the fire. If defendants have made no effort to remove the hazardous materials from the fire site, a new cause of action may arise each time a cow becomes ill or dies as a result of lead poisoning.
> . . .

Graveley Ranch I. Plaintiff here contends that since the batteries were not removed or the residue cleaned up, the nuisance continued, thus precluding the running of the statute.

On the first appeal, we were not made aware that the nuisance had in fact abated with the construction of the fence on or about October 1, 1985. Although our previous opinion stated that the batteries should be removed, the construction of the fence sufficed to keep the cows out of the toxic material, thus accomplishing the

same result as removal of the batteries. Once the cows were cut off from the source of the poison, the nuisance abated as far as the plaintiff's cows were concerned and the statute could run.

Contrary to plaintiff's argument, it made no difference who was responsible for putting up the fence. Our earlier Opinion assumed that the defendants would be the ones to remove the nuisance, but the fact that the plaintiffs beat them to it is not material to the abatement issue. The nuisance had to be removed so that a time could be fixed beyond which the defendants would not be responsible for poisoning the cows. This was done with the construction of the fence. The statute then began to run either on September 25, 1985, with the discovery of the injury, or on October 1, 1985, with the abatement of the nuisance. In either case, the October 29, 1987, filing exceeded the statutory limit.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4